UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICKY EMANUEL SELBY, #346639

               Petitioner,

v.                                         2:06CV634

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

               Respondent.

## OPINION AND ORDER

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. For the foregoing reasons, the petition is DENIED.

## I.  STATEMENT OF THE CASE

On June 9, 1998, in the Circuit Court for the City of Virginia Beach, Virginia, petitioner was convicted of petit larceny (third offense). Petitioner was sentenced to three years imprisonment, with two years suspended, subject to supervised probation upon his release from custody. Over the next several years, petitioner was arrested several times for petit larceny, in violation of the conditions of probation. Petitioner's 1998 sentence was revoked and resuspended on a number of occasions, and taking into account time served, the suspended sentence was reduced to one year and two months.

On February 2, 2005, petitioner was convicted for a new offense of petit larceny (third offense), and sentenced to five years imprisonment, with two years and six months suspended. On June 13, 2005, the remainder of petitioner's one year and two month suspended sentence was revoked, and he was ordered to serve the sentence consecutively with the two years and six month sentence he received for the February conviction.

Petitioner appealed in the Virginia Court of Appeals, but the appeal was denied on January 11, 2006.  Petitioner subsequently appealed in the Supreme Court of Virginia, but on July 5, 2006, the court denied the appeal.

On November 2, 2006, petitioner filed a petition for a writ of habeas corpus in this Court, and on December 21, 2006, respondent filed a motion to dismiss and Rule 5 Answer.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1.  Upon revocation of petitioner's suspended sentence, he was wrongly sentenced to serve two years instead of one year and two months;

2.  At the revocation hearing, the trial court did not ask petitioner how he pled;

3.  The trial court's intent was to revoke one year and two months of the unserved two year suspended sentence;

4.  At the revocation hearing, petitioner's court appointed counsel failed to offer to the court a sentencing alternative for which petitioner qualified; and

5.  At the revocation hearing, the trial court revoked the two year suspended sentence and ordered petitioner to serve one year and two months, the remaining unserved portion of the two year sentence.

### II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true.  See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim

which would entitle him to relief.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>GE Inv. Private Placement Partners II v. Parker</u>, 247 F.3d 543, 548 (4th Cir. 2001); <u>Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.</u>, 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  <u>See</u> <u>Simons v. Montgomery County Police Officers</u>, 762 F.2d 30, 31 (4th Cir. 1985); <u>Wolford v. Budd Co.</u>, 149 F.R.D. 127, 129-32 (W.D. Va. 1993). Respondent has moved for dismissal of the petition based on petitioner's failure to exhaust his state court remedies, having not raised any of the claims herein to the Supreme Court of Virginia.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

At the outset, the Court finds that the allegations stated herein are amenable to resolution in a state habeas action, which petitioner has chosen not to pursue.  In order to proceed with his claim under § 2254, petitioner must satisfy the statutory exhaustion requirements.  Section 2254 provides that:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .

3

> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

The Court finds that means exist within the state system through which petitioner may address and exhaust his claims.  The Court finds no evidence in the record which suggests that petitioner has previously presented these claims to the state courts.  Furthermore, petitioner admits that he has not raised any of his claims prior to this petition because he hasn't "had [a] chance." (Pet. at 4.)  Accordingly, the Court finds that petitioner has not satisfied the exhaustion requirements of Section 2254.  Since petitioner has not satisfied the statutory requirements, the Court cannot consider the merits of the claim at this juncture.  See Clayton v. Smith, 404 U.S. 53, 54 (1971); Preiser v. Rodriquez, 411 U.S. 475, 489 (1993).

### III.  CONCLUSION

For the foregoing reason, the petition for writ of habeas corpus is DENIED and respondent's motion to dismiss is GRANTED. Petitioner may appeal from the judgment entered pursuant to this Opinion and Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.  The Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk shall mail a copy of this Opinion and Order to petitioner and to counsel of record for respondent.


_____/s/_____
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

_____June 4_____, 2007